UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMARACHUKWU EKEOMA,

                Plaintiff,

      -against-

THE CITY OF NEW YORK ET AL.,

                Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

23-CV-946 (AMD)(SDE)

**SETH D. EICHENHOLTZ,** United States Magistrate Judge:

      Plaintiff Amarachukwu Ekeoma ("Plaintiff"), who is proceeding *pro se*, filed this action on January 19, 2023 asserting claims pursuant to 42 U.S.C. § 1983 ("§ 1983") that Defendants the City of New York ("City") and the New York City Police Department ("NYPD") violated his constitutional rights during two incidents in 2020 and 2022. Plaintiff has since removed the NYPD as a defendant and filed four amended complaints naming individual employees of the NYPD as defendants and bringing new factual allegations. Three of these individual defendants, Officers Blackburn, Colello, and Tatzel (the "Individual Defendants") have been served and have appeared in this action. Five other individual defendants (Officers Catapano, Ziths, Delorio, Greco, and Simon) have been served but have not yet appeared. Presently before the undersigned, on referral from the Honorable Judge Ann M. Donnelly, is Defendants' motion to strike Plaintiff's proposed Fifth Amended Complaint.

      On June 2, 2025, without first seeking leave from the Court, Plaintiff filed a Fifth Amended Complaint which seeks to add two new individual defendants and re-add 55 individual defendants who had previously been dismissed from this action. *See* Plaintiff's Proposed Fifth Amended Complaint ("Fifth Am. Compl."), Dkt. No. 68. Defendant City and the Individual Defendants argue that Plaintiff must first seek leave to amend his complaint at this stage and, in

1

any event, that Plaintiff improperly added defendants that were already dismissed from this action. *See* Defendants' Motion to Strike ("Mot. to Strike"), Dkt. No. 69. Lastly, along with their Mot. to Strike, Defendants move to dismiss Officer Simon as an individual defendant in this action because they allege that Plaintiff has failed to timely serve him. *See id.*

The undersigned respectfully recommends that the Mot. to Strike be denied because, given Plaintiff's *pro se* status, the Court should construe Plaintiff's filing as a motion for leave to file a Fifth Am. Compl. However, for the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion to amend be denied. Finally, the undersigned recommends that Defendants' motion to dismiss Officer Simon be denied, as Plaintiff has provided proof of timely service.

## BACKGROUND

### I. Procedural History

A. Plaintiff's First Three Amended Complaints

In his original Complaint, Plaintiff alleges that his family members made "false police reports" against him, which resulted in a false arrest in December 2020. *See* Plaintiff's Complaint ("Compl."), Dkt. No. 1 at 5-6. Plaintiff also alleges that police used excessive force against him during an arrest on November 19, 2022. *See id.* That complaint named only Defendant City and the NYPD as defendants. *See id.* at 4. On June 13, 2023, Plaintiff filed an amended complaint with additional factual detail. *See generally* Plaintiff's Amended Complaint ("Am. Compl."), Dkt. No. 12. Plaintiff then filed a Second Amended Complaint the following day, which was identical to his Am. Compl. aside from formatting changes. *See generally* Plaintiff's Second Amended Complaint ("Second Am. Compl."), Dkt. No. 13.

2

Because these first two amended complaints included several unnamed defendants, Defendant City was directed by the Court to identify these individuals. Defendant City then identified twelve current and former NYPD officers involved in the incidents described in the Second Am. Compl. *See* Dkt. No. 16; Dkt. No 20. Magistrate Judge Lois Bloom granted Plaintiff leave to file a Third Amended Complaint for the purpose of naming the individual officers he wished to sue. *See* Dkt. No. 19.

On August 23, 2023, Plaintiff filed the Third Amended Complaint. *See* Plaintiff's Third Amended Complaint ("Third Am. Compl."), Dkt. No. 22. In that amendment, Plaintiff removed the NYPD as a defendant and named NYPD Officers Steven C. Allen, Drew Tatzel, Christopher M. Colello, and Scott Blackburn as defendants. *See* Third Am. Compl at 2-3.[1] However, Plaintiff went well beyond the scope suggested in Judge Bloom's order. Plaintiff also added as defendants "John Doe Officers 1-30+" and vastly expanded the scope of his claims, describing, with varying levels of detail, personal abuse involving members of his family and numerous interactions between himself and various NYPD officers, including incidents that occurred in July 2020, October 2020, February 2021, August 2022, March 2023, June 2023, and July 2023, in addition to the December 2020 and November 2022 incidents that previously formed the basis of his claims. *See id.* at 3-36. Plaintiff added requests for various forms of relief including monetary damages, the arrest of various family members and individuals involved in the incidents alleged, and apologies from two NYPD officers. *See id.* at 36-37. In response, Judge Bloom granted Plaintiff leave to file a "corrected" amended complaint by September 22, 2023 to "name as defendants all the officers [Plaintiff] wishes to sue." *See* Dkt. No. 25. Judge Bloom

---

[1] Three of the four named officers in the Third Am. Compl. were the officers identified by Defendant City in its June 20, 2023 letter to the Court. *See* Dkt. No. 16; Third Am. Compl. Plaintiff did not name the eight officers identified in Defendant City's July 24, 2023 letter as defendants until the Fourth Amended Complaint. *See* Dkt. No. 20; Plaintiff's Fourth Amended Complaint ("Fourth Am. Compl."), Dkt. No. 34.

3

warned Plaintiff that if he "does not file an amended complaint by [September 22, 2023]," the only claims that would proceed are those against Defendant City and Individual Defendants Allen, Tatzel, Colello and Blackburn.  *Id.*

B.  Plaintiff's Fourth Amended Complaint

On October 27, 2023, after failing to meet the deadline set by the Court to file a clarifying amended complaint, Plaintiff moved for leave to file a Fourth Amended Complaint.  *See* Dkt. No. 29.  In furtherance of that motion, the Court ordered Plaintiff to file his proposed Fourth Amended Complaint, which he did on December 1, 2023.  *See* Fourth Am. Compl.  The 119-page proposed amended complaint elaborated on the allegations of the Third Am. Compl., added new allegations, and named 29 new individual defendants.  *See id.*[2]

On September 18, 2024, the Court granted in part and denied in part Plaintiff's motion for leave to file the proposed Fourth Am. Compl.  *See generally* Dkt. No. 49.  The Court permitted Plaintiff to add allegations or claims against Individual Defendant Officers Blackburn, Colello, and Tatzel, and granted Plaintiff leave to add Officers Simon, Delorio, Greco, Catapano, and Ziths as new individual defendants.  *See id.*  Plaintiff was denied leave to add 24 other named individual defendants.[3]  *See id.*  The Court also dismissed the 30 "John Doe" defendants from this action without prejudice and dismissed Officer Steven A. Allen from this action with prejudice.  *See id.*

---

[2] The differences between Plaintiff's Third Am. Compl. and Fourth Am. Compl. are detailed in Judge Donnelly's order addressing Plaintiff's proposed Fourth Am. Compl.  *See* Dkt. No. 49 at 9-15.

[3] These 24 proposed defendants were Mayor Adams, Police Chief Caban, First Deputy Police Chief Kinsella, Chief of Department Maddrey, and Officers Caballero, Chalati, Chaudhry, Curreri, Harper, Healy, Iglesias, Jensen, Marzocchi, Matias, Medina, Miklas, O'Brien, Papadopoulos, Quinones, Richardson, Rodriguez, Ryder, Sprague, and Wittneben.

## II.     Plaintiff's Proposed Fifth Amended Complaint and Defendants' Motion to Strike

On June 2, 2025, without seeking leave from the Court, Plaintiff filed a Fifth Amended Complaint. *See* Fifth Am. Compl. This 121-page complaint is nearly identical to Plaintiff's Fourth Am. Compl., although Plaintiff seeks to add two new individual defendants, Deputy Inspector Ray A. Jenkins and Officer Shyhiem Walters. *See id.* at 1, 4 ¶ 7, 6 ¶ 17. Aside from the additions of Jenkins and Walters, Plaintiff's Fifth Am. Compl. lists the same defendants named in the Fourth Am. Compl., including the 24 officers and City officials that Plaintiff was previously denied leave to add, the 30 "John Doe" defendants who had already been dismissed from this action without prejudice, and Defendant Allen who had already been dismissed from this action with prejudice. *See id.* at 1; Dkt. No. 49.

## LEGAL STANDARD

The Court must "liberally" construe pleadings filed by *pro se* litigants and "interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (internal citations and quotation marks omitted). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotation marks omitted). Even though "reasonable allowances" can be made to protect *pro se* litigants from inadvertent forfeiture of important rights, "such protection 'does not exempt a party from compliance with relevant rules of procedural and substantive law[.]'" *Amnay v. Del Labs*, 117 F.Supp.2d 283, 285 (E.D.N.Y. 2000) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983)). To that end, a *pro se* plaintiff must still plead sufficient facts to state a claim for relief that is "plausible on its face" in compliance with Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

5

A plaintiff may amend a pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that, a party "may amend its pleading only with the opposing party's written consent or the court's leave" which is to be "freely give[n]… when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2013). Nevertheless, leave to amend may be denied when a proposed amendment would be futile because the "amended portion of the complaint would fail to state a cause of action." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (internal citation omitted). Further, a plaintiff will not be granted "endles[s]" chances to amend a complaint, particularly when a proposed amendment lacks "any significant additional factual information" from the previous amended complaints. *Booker v. Dep't of Soc. Servs.*, 23-CV-04888, 2024 WL 5057650, at *3 (E.D.N.Y. Dec. 10, 2024) (internal citation omitted).

## DISCUSSION

Since Plaintiff can no longer amend as of right under Fed. R. Civ. P. 15(a)(1), Plaintiff needs to seek leave to amend prior to amending this complaint. It is appropriate given his *pro se* status to construe his June 2, 2025 filing (Dkt. No. 68) as a motion for leave to file a proposed Fifth Am. Compl. *See, e.g.*, *Edo v. Martiny*, 15-CV-202, 2017 WL 785653, at *3 (E.D.N.Y. Mar. 1, 2017) (liberally construing a *pro se* plaintiff's "unauthorized amended complaint" as a motion for leave to amend). In the proposed Fifth Am. Compl., Plaintiff seeks leave to add two individual defendants not named in Plaintiff's previous amended complaints, the 24 NYPD officers and City officials who Plaintiff was previously denied leave to add to this action, the 30 "John Doe" defendants who were previously dismissed from this action without prejudice, and

one defendant (Officer Allen) who was previously dismissed from this action with prejudice. As detailed below, it is recommended that his motion for leave to amend be denied as to each of these groups of defendants.

## I. The Newly Named Defendants

Plaintiff names two defendants in the proposed Fifth Am. Compl. that were not named in the Fourth Am. Compl.: Deputy Inspector Ray A. Jenkins and Officer Shyhiem Walters. Leave to add these defendants should be denied because doing so would be futile.

### A. Deputy Inspector Jenkins

Aside from adding Jenkins' name to the caption and list of defendants and stating that Jenkins is the highest-ranking officer at the 113th precinct, *see* Fifth Am. Compl. at 4, Plaintiff does not allege Jenkins had any personal involvement in any violation of his constitutional rights, or, indeed, any involvement at all. *See, e.g.*, *Abadi v. NYU Langone Health Sys.*, 705 F. Supp. 3d 172, 180-83 (S.D.N.Y. 2023) (dismissing claims against defendants in a proposed complaint where no factual allegations were made against them); *Myers v. City of New York*, 11-CV-8525, 2012 WL 3776707, at *3 (S.D.N.Y. Aug. 29, 2012) (dismissing a party only listed in the caption and the list of defendants but otherwise not mentioned in the complaint), *aff'd,* 529 F. App'x 105 (2d Cir. 2013); *Barnes v. Pozzi,* 10-CV-2554, 2012 WL 3155073, at *8 (S.D.N.Y. Aug. 3, 2012) (dismissing two defendants in a § 1983 action who were only mentioned in the caption and list of defendants).

Even if Plaintiff named Jenkins because he was a supervisor, a defendant cannot be held liable under § 1983 merely because they are the employer or supervisor of another person alleged to have violated a plaintiff's rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not

be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Thus, the proposed amendment to add Deputy Inspector Jenkins would be futile.

### B. Officer Shyhiem Walters

Plaintiff seeks to add Walters as a defendant in the Fifth Am. Compl. Plaintiff names Walters as one of the "John Doe" officers previously mentioned in the Fourth Am. Compl., stating that he was present at an alleged November 19, 2022 incident where Plaintiff was brought to the front of the police precinct and he was "accused of menacing, and informed that a psychiatric evaluation was to be done." Fifth Am. Compl. at 63-64 ¶ 93. However, Plaintiff does not allege that Walters was involved in any way other than being present, nor that he did anything during this time to violate Plaintiff's rights. *See id.* "The failure to plead plausible facts as to the personal involvement of a government official renders the claim fatally defective on its face." *Ligonde v. Marriot Hotel Servs.*, 20-CV-3680, 2021 U.S. Dist. LEXIS 149435, at *15 (E.D.N.Y. Aug. 5, 2021) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)) (internal quotation marks omitted). *See also Iqbal*, 556 U.S. at 676 (holding that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Plaintiff also names Walters as a part of the group of officers that refused to take a police report on May 28, 2023. *See* Fifth Am. Compl. at 69 ¶ 104. But once again, Plaintiff does not allege that Walters had any personal involvement in a violation of Plaintiff's rights. *See id.* Additionally, Plaintiff does not have a constitutional right to have a police report taken. *See Peralta v. City of New York*, 22-CV-9829, 2023 WL 1823447, at *3 (S.D.N.Y. Feb. 6, 2023) (finding plaintiff "does not state a due process claim under Section 1983" as plaintiff "has no entitlement under the Constitution to a police report"). *See also Vasquez v. Town of*

8

*Haverstraw Police Dep't*, 15-CV 8852, 2016 U.S. Dist. LEXIS 203059, at *3-4 (S.D.N.Y. May 20, 2016). For these reasons, Plaintiff fails to state a claim upon which relief can be granted such that the proposed amendment to add Officer Walters would be futile.

## II. Defendants Addressed in the Court's Prior Order Denying Leave to Amend

Plaintiff seeks leave to name 24 City officials and NYPD officers who the Court previously denied Plaintiff leave to add to this case. *See* Dkt. No. 49. Plaintiff adds no new factual allegations or claims against any of these 24 defendants. *See generally* Fifth Am. Compl. In fact, the allegations and factual details concerning these 24 defendants in the Fifth Am. Compl. are identical to that of the Fourth Am. Compl., aside from formatting changes and some minor changes in detail or wording that have no substantive bearing on Plaintiff's legal claims. [4]

The proposed amendment would be futile as there has been no substantive change in the pleadings. *See, e.g.*, *Barrett v. UPS*, 18-CV-2046, 2020 WL 4016826, at *3 (E.D.N.Y. May 14, 2020) (denying Plaintiff leave to amend where Plaintiff moved to file a sixth amended complaint that does not "substantively advance plaintiff's claims"); *Schmidt v. Stone*, 14-CV-2519, 2018 WL 4522082, at *12-13 (E.D.N.Y. Jan. 29, 2018) (denying leave to amend where new allegations do not "affect the claims to be tried" and would "needlessly… require the defendant to expend time and resources drafting an answer"); *Ashford v. Goord*, 07-CV-191, 2009 WL 2086838, at *3 (W.D.N.Y. July 10, 2009) (collecting cases denying leave to amend where additional allegations merely echo those in a party's existing pleadings). Thus, there is no basis to revisit the Court's previous order denying Plaintiff leave to add these 24 defendants.

---

[4] There are very few changes between the Fourth Am. Compl. and Fifth Am. Compl. regarding these 24 defendants, apart from the addition of minor details or embellishments. For example, Plaintiff adds the sentence "Mr. Ekeoma was informed that the alleged person in charge of the precinct was not available to speak" to the Fifth Am. Compl. after the sentence "No one (1) who could effect change spoke to Mr. Ekeoma." Fifth Am. Compl. at 68 ¶ 102. For another example, Plaintiff changes the sentence explaining that he is requesting "The prevention of Mr. Ekeoma being arrested by NYPD for the duration of this lawsuit," Fourth Am. Compl. at 79 ¶ 3, to "The prevention of Mr. Ekeoma being arrested and/or handcuffed by NYPD for the rest of his life." Fifth Am. Compl. at 78 ¶ 3.

9

This is particularly true as Plaintiff has already been given multiple opportunities to amend his complaint over the course of two years. Plaintiff cannot "endlessly" ask the Court to allow him to replead. *Booker*, 2024 WL 5057650, at *3. *See also Best v. City of New York*, 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014) (denying plaintiff leave to amend where they already had two opportunities to amend, noting that "the Court can only afford [plaintiff] so many bites at the apple"); *El v. VESID Organization Queens Access,* 11-CV-3228, 2011 WL 5858157, at *3 (E.D.N.Y. Nov. 18, 2011) (finding further amendment of a complaint would be futile where, *inter alia*, the plaintiff was already given multiple opportunities to amend).

Accordingly, because the Court has already addressed these proposed defendants in prior rulings and there is no reason to disturb those rulings, the undersigned respectfully recommends denying Plaintiff's motion for leave to amend the complaint to add Mayor Adams, Police Chief Caban, First Deputy Police Chief Kinsella, Chief of Department Maddrey, and Officers Caballero, Chalati, Chaudhry, Curreri, Harper, Healy, Iglesias, Jensen, Marzocchi, Matias, Medina, Miklas, O'Brien, Papadopoulos, Quinones, Richardson, Rodriguez, Ryder, Sprague, and Wittneben as defendants to this action.

### III. Defendants Already Dismissed from This Action

A. <u>John Doe Defendants</u>

The Court previously dismissed the 30 "John Doe" defendants without prejudice from the Fourth Am. Compl. *See* Dkt. No. 49. In the proposed Fifth Am. Compl., Plaintiff makes no new allegations and seeks to add no new claims against the "John Doe" defendants. *See generally* Fifth Am. Compl. Plaintiff was instructed in the Court's prior order that his failure to identify the remaining "John Doe" officers required their dismissal, but that he could renew his claims if he identified the officers in question. *See* Dkt. No. 49 at 25. As Plaintiff has failed to do so, the

10

undersigned respectfully recommends the denial of Plaintiff's motion for leave to amend as to the 30 "John Doe" defendants.  *See Sutton v. Stony Brook Univ.*, 18-CV-7434, 2021 WL 3667013, at *13 (E.D.N.Y. Aug. 18, 2021) (denying a plaintiff leave to file a fourth amended complaint because "has failed to cure the deficiencies identified by the Court in the Prior Order") (citing *Ercole v. LaHood*, 07-CV-2049, 2011 WL 1205137, at *15 (E.D.N.Y. Mar. 29, 2011), *aff'd*, 472 F. App'x 47 (2d Cir. 2012)).

    B.  <u>Officer Steven A. Allen</u>

Plaintiff names Officer Allen as a defendant even though the Court previously dismissed Officer Allen from this matter with prejudice.  *See* Dkt. No. 49.  Accordingly, Plaintiff cannot add Officer Allen as a defendant to this action.  *See e.g.*, *Netti v. New York*, 17-CV-976, 2018 WL 5095131, at *4 n.5 (N.D.N.Y. Oct. 19, 2018) ("The term "with prejudice," indicates that plaintiff may not amend her complaint in this case with respect to this or any other defendant or claim that has been dismissed "with prejudice."")

    **IV.**    **Service of Officer Darnell Simon**

In addition to the Mot. to Strike, Defendant City and the Individual Defendants move to dismiss Office Darnell Simon because they allege that Plaintiff failed to serve him.  The undersigned respectfully recommends that this motion be denied and that Office Simon remain a defendant in this matter.

The Court previously granted Plaintiff leave to add Officer Simon as a defendant in his Fourth Am. Compl.  *See* Dkt. No. 49.  On October 7, 2024, the Court stayed the time for Defendants to answer the Fourth Am. Compl. until Plaintiff served the newly named defendants, including Officer Simon.  *See* Dkt. No. 52.  After Plaintiff was granted multiple extensions by the Court to serve these defendants, Magistrate Judge Lois Bloom issued a Report and

11

Recommendation on February 13, 2025 that Officers Simon, Delorio, Greco, Catapano, and Ziths, who had not yet been served, be dismissed from this action. *See* Dkt. No. 60.

Plaintiff filed a motion for extension of time to serve the remaining defendants and advised the Court that he was arrested on January 23, 2025 and released from detention on March 7, 2025, preventing him from finalizing service. *See* Dkt. No. 61. Considering Plaintiff's explanation, on April 1, 2025, the Court in its discretion extended Plaintiff's deadline to serve the new defendants and declined to adopt the Report and Recommendation. *See* Dkt. Order dated April 1, 2025. Plaintiff filed documents showing that he had served Ziths and Catapano on April 10, 2025. *See* Dkt. No. 63. The Court ordered the Plaintiff to serve Delorio and Greco by May 2, 2025. *See* Dkt. No. 64. On May 22, 2025, Plaintiff filed documents showing proof of service of these two defendants dated April 10, 2025. *See* Dkt. No. 65-66.

Defendants argue that Officer Simon should be dismissed from this action as Plaintiff failed to file proof of service. *See* Mot. To Strike. In response, Plaintiff filed documentation from a process server with the Court on June 23, 2025, demonstrating that Simon was served on April 10, 2025. *See* Dkt. No. 70. As the date of service is before the Court's deadline of May 2, 2025, and the Court's April 15, 2025 Order did not set a deadline to file proof of service on defendant Simon, *see* Dkt. No. 64, the undersigned respectfully recommends that the motion be denied and that Officer Simon remain a party to this action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends denying Defendants' Motion to Strike in order to construe Plaintiff's Fifth Am. Compl. as a motion to amend. The undersigned further respectfully recommends denying Plaintiff leave to amend. Finally, the undersigned respectfully recommends that Defendants' motion to dismiss Officer

12

Simon for lack of service be denied, as Plaintiff submitted proof of timely service. Should the Court adopt this Report and Recommendation, Defendant City and Individual Defendants Blackburn, Catapano, Colello, Delorio, Greco, Simon, Tatzel, and Ziths should respond to Plaintiff's Fourth Amended Complaint, as constrained by Judge Donnelly's prior order, *see* Dkt. No. 49, within 60 days of its adoption.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). If any party fails to file timely objections to this Report and Recommendation, it will waive any right to further judicial review of the decision. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Kotlyarsky v. United States Dep't of Just.*, 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *Small v. Sec'y of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
October 8, 2025

/S/ *SETH D. EICHENHOLTZ*
SETH D. EICHENHOLTZ
United States Magistrate Judge
Eastern District of New York